FAAMAO TIUMALU and VIAVIA TIUMALU on behalf of their matai TIUMALU and TIUMALU FAMILY of Fagatogo, American Samoa, Plaintiffs

v.

SIAOSI FAIIVAE and his wife, FAANENEFU of Fagatogo, American Samoa, Defendants

No. 3-1961

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Tuanuu" in Fagatogo]

January 27, 1961

---

OPINION AND ORDER OF DISMISSAL

Heard at Fagatogo on January 4 and 5, 1961 before MOR-ROW, *Chief Judge*, and TAUALA, *Associate Judge*.

Fesagaiga, Counsel for the Plaintiffs.

Faanenefu, Counsel for the Defendants.

OPINION OF THE COURT

MORROW, *Chief Judge*.

The plaintiffs filed their petition seeking an order from the Court requiring the defendants to remove their combined dwelling house and beer joint from certain land in Fagatogo. Originally the building was a dwelling house. It was later enlarged so as to become a combined dwelling house and beer joint and was known as the Moonlight Bar. It is now known as the Island Moon Bar. The defendants use it as a dwelling house and also operate a bar in it.

The plaintiffs claim that the building is on the communal land of the Tiumalu Family known as Poata. The defendants claim that it is located on the communal land of the Afoa-Lutu Family known as Tuanuu. The land has not been registered.

433

This building was the subject matter of litigation between the defendants and the plaintiff Viavia Tiumalu in the case of *George Faiivae and Faanenefu Faiivae v. Viavia Tiumalu*, No. 8A-1959 (H.C. of Am. S.) wherein the Court decided that the building was the property of the new defendants. The ownership of the land on which the building stood was not determined in that case. George Faiivae, the plaintiff in that case, and Siaosi Faiivae, the defendant in this case, are one and the same person.

Plaintiffs rely in part upon the decision of the Court in case No. 5-1909 (H.C. of Am. Samoa) in which it was decided that certain lands in Fagatogo were the property of the Tiumalu Family. These lands included some land called Poata, but there was no satisfactory proof offered by the plaintiffs to show that the land Poata, which was the subject of litigation along with other lands in No. 5-1909, included the land on which the Island Moon Bar stands.

Plaintiff Faamao, born in 1894, testified that he and his two brothers, Viavia, born in 1900, and Falo, born later, were born in a Tiumalu fale that stood on the spot where the Island Moon Bar now stands.

Faanenefu testified that she was adopted fa'asamoa by Salesa and his wife when she was about five years old (she is 48 now) and that after her adoption she lived with her adoptive parents in Salesa's fale which stood where the Island Moon Bar now stands; that she married Siaosi about 1927 or 1928 and that her three children were born in the fale that stood there; that in 1936 she and Siaosi put up a dwelling house on the same spot and lived in it until 1947 when they went to Honolulu; that Siaosi gave plaintiff Viavia permission to occupy the premises while Faanenefu and Siaosi should be in Honolulu; that Viavia did occupy the premises until 1959 when they returned from Honolulu and recovered possession from him through court action in *George Faiivae and Faanenefu Faiivae v. Viavia Tiumalu,*

supra. They are occupying the premises now. In the permit (it is called a "Letter of Authorization") to occupy the premises given Viavia by Siaosi in 1947 the land on which the building stands is described as "the communal land of the matai Tupuola." Viavia accepted the permit and occupied the property under it. Tupuola is a title in the Lutu-Afoa-Taesali-Tupua Family. The Tupuola referred to in the permit is now the Afoa.

Salesa, who was the adoptive father fa'asamoa of defendant Faanenefu, came to Tutuila from Upolu a few years after the establishment of the Government here in 1900. According to the testimony of Lutu, and we believe it to be true, Salesa was in the Molio'o Family in Upolu and he came over here to live with the Molio'o who either became or was then the Lutu, the grandfather of the witness Lutu. Faamao claims that Salesa, who was the half-brother of Taitai, Faamao's mother, came to Tutuila to help Taitai take care of him and his two brothers, Viavia and Falo, their father having died about 1903. Faamao claimed that Salesa lived in the Tiumalu Family and occupied the fale that stood (for a long time prior to 1936) where the Island Moon Bar now is under the authority of the Tiumalu. The defendants claim, and their claim is fully supported by the testimony of Lutu, that Salesa lived in the Afoa-Lutu Family and occupied the fale by the authority of the Lutu Family to which he was connected through the Molio'o.

We believe from the evidence that Salesa rendered service to the Afoa-Lutu title. He was given the title Moatia by the Lutu-Afoa-Taesali-Tupua Family. There is no doubt whatever about this fact despite the conflict in the testimony in other aspects of the case. We believe from the evidence that Salesa occupied the disputed spot under the authority of the Lutu-Afoa-Taesali-Tupua Family for many years after he came from Upolu. That Salesa should have

been given a title in the Lutu-Afoa-Taesali-Tupua Family while he was living in another family is very improbable.

Willie Meredith told the Court, when it viewed the Island Moon Bar and the surrounding area during the trial, that he once extended his kitchen in an area quite near the Island Moon Bar and that after it was extended Tiumalu complained to him that the extension trespassed on Tiumalu land; that he then asked the Tiumalu for permission to keep the extension where it was, which permission the Tiumalu granted. Later Afoa and Lutu each complained that the extension trespassed on their land. Willie asked their permission and it was granted.

When the defendants got ready to build their house in 1936, the now plaintiff Faamao raised an objection, but they proceeded to build the house upon the authority of the Afoa-Lutu and Faamao did not interfere. He claims he later gave permission but Faanenefu denied that there was any such permission from Faamao.

While there is serious conflict in the testimony, we believe the weight of the evidence is to the effect that the land on which the Island Moon Bar stands is Afoa-Lutu land and not Tiumalu land. As stated before, we believe from the evidence that Salesa occupied it for many years after he came to Tutuila and after him, beginning in 1936, when they built their house, that the defendants occupied it under the authority of the Lutu-Afoa-Taesali-Tupua Family; that from 1947 to 1959 when the defendants were in Honolulu, Viavia occupied it pursuant to Siaosi's permission and that the defendants have occupied it since their recovery of possession through court action in 1959.

Even if it should be conceded for the purposes of argument that it was Tiumalu land when Salesa began to occupy it (and we do not believe such concession would be true, in fact, because we think it was Lutu-Afoa-Taesali-Tupua land when Salesa began his occupation), it is obvi-

436

ously not Tiumalu land now because of the possession for more than 20 years by the defendants under circumstances making such possession adverse to the Tiumalu Family.

The defendants clearly occupied the land beginning as early as 1936, if not sooner, rendering service to the Afoa-Lutu title and claiming the land as the property of the family to which they rendered service, and this possession continued until 1947 when the defendants went to Honolulu. The possession of Viavia from 1947 to 1956 (to make the 20 years) may be tacked to the actual possession of the defendants from 1936 to 1947, since Viavia occupied the premises under the authority of defendant Siaosi after the defendants went to Honolulu in 1947. By accepting the permit (Letter of Authorization) from Siaosi in which the land involved was described as the communal land of the matai Tupuola (now the Afoa), Viavia was, for practical purposes, a tenant of the defendants, at the same time recognizing that the land was the land of the Tupuola (now Afoa of the Lutu-Afoa-Taesali-Tupua Family). Actual possession by a tenant under an adverse claimant inures to the benefit of the claimant. 2 Corpus Juris Secundum 552. As we have said, Tupuola is a title in the Lutu-Afoa-Taesali-Tupua Family.

That the first nine years (1947–1956) of Viavia's actual occupancy may be tacked to the defendants' 11 years (1936–1947) to make the 20 years of adverse possession to vest title in the Lutu-Afoa-Taesali-Tupua Family and divest the title of the Tiumalu Family (even if it be conceded that the Tiumalu Family once had title, which we think it never did) is clear. See 2 Corpus Juris Secundum 689.

Section 907(2) of the A. S. Code provides that the "statutory period governing acquisition of title by adverse possession" shall be 20 years. The effect of the running of the statutory period for 20 years is to vest the title in the adverse possessor. 2 Corpus Juris Secundum 803. This is the

principle laid down by the Supreme Court of the United States in *Maxwell Land Grant Co. v. Dawson*, 151 U.S. 586 at p. 607. We have applied this same rule in numerous cases in American Samoa, among them *High Chief Fuimaono v. Moananu and Felila*, No. 12-1955 (H.C. of Am. S.); *Puailoa v. Leapaga*, No. 64-1948 (H.C. of Am. S.); *Fagafa v. Toia*, No. 18-1957 (H.C. of Am. S.).

The conclusion of the Court that the Island Moon Bar is not on the land Poata and that it is not on Tiumalu land is borne out by the admission of Tiumalu Taimane (the present matai of the Tiumalu Family) made in a conversation Lutu had with her before she went to Honolulu. Lutu testified with respect to such conversation as follows:

"Q  Did Tiumalu Taimane consult you with reference to this land before she went to Honolulu, that is the land where the Moonlight Bar is?

A  Yes, Your Honor.

Q  What did she say?

A  She appeared personally before me and Afoa, that the plaintiff called her attention concerning this petition. And Tiumalu, the present Tiumalu, told me and Afoa that she wants to state that this is something new to her. All through her life from their father she never heard that they own that property. And that is not, for the information of the Court, that is not Poata. Tiumalu Family land, every parcel of Tiumalu land has been surveyed, and Poata is from where the Catholic Church is right on down to that part where Kneubuhl is leasing the Tiumalu land."

### And Lutu further testified:

"And, Your Honor, may it please the Court, that for your information and the Honorable Court, that Moatia Salesa was died above where the present Asoau resided now, not on this property. And Faamao, the plaintiff, knows that I personally came before them to bring Moatia's body to the Afoa and Lutu Family. And, of course, he himself told me and Tuiasosopo, and the ceremony of the Moatia funeral was had in Tuiasosopo's guest house, not on this property. In order not to mislead the Court, because when Moatia Salesa passed away it was my administration. For the further information of

438

the Court, that I was the one with Tuiasosopo and Tupuola from Apia was the three who was distribute everything during the ceremony of Moatia Salesa."

This indicates that Moatia Salesa was in the Afoa-Lutu Family and not the Tiumalu Family.

It is our conclusion from the evidence that the Island Moon Bar is not located on communal land of the Tiumalu Family and that the plaintiff's petition should be dismissed.

## ORDER

Accordingly, it is ORDERED that the plaintiffs' petition be and it is hereby dismissed.

Costs in the sum of $25.00 are hereby assessed against Faamao and Viavia, each of them to pay $12.50 within 30 days.